Filed: 12/4/2023 4:44 PM
Michael Gould
District Clerk
Collin County, Texas
By Lane St. Clair Deputy
Envelope ID: 82218348

CAUSE NO. 471-05371-2022

| | | |
|---|---|---|
| DIANA RICHARDS, AS NEXT FRIEND OF MARISA RICHARDS, a minor,<br>*Plaintiff,*<br><br>v.<br><br>NORTHERN TOOL EQUIPMENT COMPANY, INC.<br>*Defendants.* | § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br>OF COLLIN COUNTY, TEXAS<br><br><br><br>471ST JUDICIAL DISTRICT |

AND

| | | |
|---|---|---|
| LANITA HOPKINS, INDIVIDUALLY, AND STEVE HOPKINS, INDIVIDUALLY, AND LANITA AND STEVE HOPKINS A/N/F OF ISABELLA HOPKINS AND EMORY HOPKINS, Minors,<br>*Plaintiffs,*<br><br>v.<br><br>JASON AUGUSTINE, INDIVIDUALLY AND D/B/A AUGIE'S TRUCKING, JORDAN DAVID COLLINS, AND NORTHERN TOOL EQUIPMENT COMPANY, INC.,<br>*Defendants.* | § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br><br><br><br>OF COLLIN COUNTY, TEXAS<br><br><br><br><br><br>471ST JUDICIAL DISTRICT |

### PLAINTIFF RICHARDS' SECOND AMENDED PETITION AND RULE 193.7 NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

DIANA RICHARDS, As Next Friend of MARISA RICHARDS, "Plaintiff," files this *Second Amended Petition* complaining of NORTHERN TOOL EQUIPMENT COMPANY, INC., "Defendant," and in support shows the Court as follows:

I.  DISCOVERY CONTROL PLAN

1. Discovery should be controlled under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. Plaintiff will subsequently file a motion seeking an order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this case,

pursuant to Rule 190.4(a).

## II. DAMAGES SOUGHT

2. Revised Rule 47 of the Texas Rules of Civil Procedure mandates that the party seeking relief specifically state the amount of damages sought. Plaintiff is still treating for injuries and damages are still accruing, so Plaintiff hereby asserts the damages sought will fall between $250,000.00 and $1,000,000.00. Due to the level of damages claimed, Plaintiff is not eligible for—and specifically opts out of—the expedited process governed by Rule 169 Tex.R.Civ.P.

3. At this time, Plaintiff specifically pleads she does not believe her damages will exceed $1,000,000.00. However, Plaintiff reserves the right to either file a trial amendment or an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

## III. PARTIES

4. Plaintiff DIANA RICHARDS, As Next Friend of MARISA RICHARDS, a minor child, is a Texas resident that can be served by and through their attorneys of record, Hoover Rogers Law, LLP.

5. Defendant NORTHERN TOOL EQUIPMENT COMPANY, INC. is a Minnesota corporation that is registered to do business in Texas and can be personally served by and through its registered agent, CT Corporation System, 1999 St., Ste. 900, Dallas, Texas 75201.

## IV. JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of the Court.

7. All or a substantial portion of the acts or events made the basis of this suit occurred in Collin County, Texas. Therefore, venue is proper pursuant to §15.001 and §15.002(a)(1) of the Texas Civil Practice & Remedies Code.

8. All conditions precedent have occurred.

9. No actions on the part of Plaintiff caused or contributed to this occurrence.

## V. BACKGROUND FACTS

10. On or about April 23, 2022, Defendant's negligence caused injuries to Plaintiff in a wreck in Collin County, Texas, in the following manner:

11. Jordan David Collins was operating and in sole control of a 2016 Freightliner tractor weighing more than 17,000 pounds, hauling a trailer believed to be capable of weighing more than 30,000 additional pounds even when empty, traveling on the Sam Rayburn Tollway approaching or just initially entering the US 75 exit in Collin County, Texas.

12. Through prior history, Mr. Collins was able to procure business by and between his employer, Jason Augustine d/b/a Augie's Trucking and Defendant Northern Tool Equipment Company, Inc. ("Northern Tool"). Defendant Northern Tool had actual and/or constructive knowledge of Mr. Collins' driving qualifications and record.

13. Plaintiff was a passenger in the car being owned and operated by Lanita Hopkins, traveling in the same direction as the tractor-trailer in a neighboring lane of traffic.

14. Mr. Collins caused the tractor-trailer to unsafely change lanes, causing the tractor to crash directly into the Hopkins' vehicle.

15. As the crash between the car and tractor-trailer weighing more than 47,000 pounds continued taking place, the vehicles were stuck together traveling down the US 75 exit.

16. The crash ultimately left the car Plaintiff was in facing the wrong direction on the US 75 exit ramp, facing oncoming traffic. Mr. Collins continued driving northbound on US 75 and records state other motorists chased him down where he was apprehended by authorities.

17. As a direct and proximate cause of this collision, Plaintiff suffered and continues to suffer from physical pains including to her neck, head in the form of migraines and otherwise, upper and lower back into the tailbone, across both shoulders, and painful jaw popping.

18. In addition to physical pain, Plaintiff suffered and continues to suffer from severe anxiety, nightmares, substantial fearfulness while riding in cars and of learning to drive a car, depression, among other categories of mental anguish that has persisted throughout the many months following this crash.

### VI.    NEGLIGENCE - JORDAN DAVID COLLINS

19. At all times herein, Mr. Collins was an employee and/or a statutory employee, as those terms are known in law, of Jason Augustine d/b/a Augie's Trucking operating his vehicle in the course and scope of this employment and/or operating under the direction of Augie's Trucking. The wreck made the basis of this lawsuit resulted from the improper conduct of Defendants Collins and/or Augie's Trucking. The conduct of Mr. Collins constituted negligence and/or negligence *per se* as that term is understood in law and such negligent and/or negligent *per se* conduct was a proximate cause of the occurrence, injuries, and damages to Plaintiff made the basis of this suit. Mr. Collins's negligent and/or negligent *per se* actions or omissions include, but are not limited to, one or more of the following non-exclusive particulars;

   a. failing to control the operation of his vehicle;

   b. failing to avoid the incident in question;

   c. operating the vehicle in an unsafe manner;

   d. failing to keep a proper lookout for other traffic;

   e. failed to control speed in accordance with the Texas Transportation Code;

   f. failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance;

   g. failing to properly maintain and operate the truck in a safe manner;

   h. changing lanes when unsafe;

   i. failing to abide by Texas Transportation Code;

   j. failing to abide by Federal Motor Carrier Safety Act;

   k. other acts of negligence and/or negligence *per se*.

The above actions of the Defendants were the proximate cause of the occurrence in question and Plaintiffs' injuries.

20. At the time of the truck wreck, Mr. Collins's driver record included, but is not limited to, the following:

1. **09/26/2006** – State: MO
   OffenseDescription1: WEIGHT ON TANDEM AXLE EXCEEDED 34,000 LBS
   {MISDEMEANOR UNCLASSIFIED RSMO: 304.180}

2. **09/26/2006** – State: MO
   OffenseDescription1: FAILED TO KEEP PROPER/MADE FALSE
   MOTOR CARRIER DRIVER'S RECORD - EXCEEDED MAXIMUM
   DRIVING TIME
   {MISDEMEANOR B RSMO: 307.400}

3. **11/24/2009** – State: MO
   OffenseDescription1: DEFECTIVE EQUIPMENT {ORDINANCE RSMO: NOT AVAILABLE}

4. **02/14/2006** – State: CA; Riverside, California
   OffenseDescription1: EXCEED SPEED TRUCK/TRACTOR (SPEED 10MPH OVER 55 MPH)

5. **06/11/2008** – State: OH
   Offense Information: J3900 UNSECURE LOAD SP; UNSECURE LOAD;
   EXTRADITE MN ONLY--UNSECURE LOAD (PAY FINE $ 142)

6. **06/03/2009** – State: VA; Smyth,
   Virginia OffenseDescription1:
   80/65 SPD
   State Of Origin: Minnesota

7. **Offense:** (TCIS AMENDED CHARGE) CARELESS DRIVE M
   State Of Origin: Minnesota

8. **Offense:** DRIVERS' LICENSES - DRIVING WITHOUT A VALID LICENSE ENDORSEMENT FOR VEHICLE

9. **Offense:** TRAFFIC REGULATIONS - CHANGE OF COURSE

10. **Offense:** TRAFFIC ACCIDENTS - NO INJURY - DRIVER INVOLVED FAILS TO STOP

11. **Offense:** TRAFFIC REGULATION - DRIVER MUST CARRY PROOF OF INSURANCE WHEN OPERATING State of Origin: Minnesota

These violations range from careless driving to excess speed while operating a commercial vehicle, as well as several more violations of the FMCSA. It is further understood that Defendant Collins did not regularly make interstate transports. In fact, Mr. Collins's regular job duties kept him in and around Red Wing, Minnesota.

21.     The conduct of Mr. Collins, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risk involved, but nevertheless preceded with conscious indifference to the rights, safety or welfare of others; Consequently, Defendants' conduct constitutes gross negligence. Such gross negligence resulted in and was a proximate cause of the occurrence and Plaintiff's injuries and damages.

### VII.   NEGLIGENCE – NORTHERN TOOL EQUIPMENT COMPANY, INC.

Texas recognizes a cause of action for negligently hiring an independent contractor. Mireles v. Ashley, 201 S.W.3d 779, 782 (Tex. App.—Amarillo 2006, no pet.); *Wasson Stracener*, 786 S.W.2d 414, 422 Tex. App.—Texarkana 1990, writ denied). One hiring an independent contractor may be held responsible for the contractor's negligent acts if (1) the employer knew or should have known that the contractor was incompetent and (2) a third person was injured because of the contractor's incompetence. *Mireles*, 201 S.W.3d at 782.   A person employing an independent contractor is required to use ordinary care in hiring the employing an independent contractor is required to use ordinary care in hiring the contractor. *Id.: see also King v. Assocs. Commercial Corp.*, 744 S.W.2d 209, 213 (Tex. App.—Texarkana 1987, writ denied). If the performance of the contract requires driving a vehicle, the person employing the independent contractor is required to investigate the independent contractor's competency to drive. See *Mireles*, 201 S.W.3d at 782; see also *Wasson*, 786 S.W.2d at 422. If an inquiry was made by the employer, the question becomes whether the inquiry made was sufficient inquiry was made by the employer, the question becomes

whether the inquiry made was sufficient to constitute the exercise of due care. See King, 744 S.W.2d at 213.

22. The negligent and/or negligent *per se* actions or omissions of Northern Tool include, but are not limited to, one or more of the following non-exclusive particulars;

1. violation of FMCSA Part 379 for failure to properly maintain records;
2. violation of FMCSA Part 390;
3. violation of FMCSA §390.11 for failure to properly observe driver;
4. violation of FMCSA §390.35 for fraudulent, intentionally false, or reproducing for a fraudulent purpose certificates, reports, and/or records;
5. violations of FMCSA Part 391;
6. violation of FMCSA §391.11 for having unqualified driver(s);
7. violation of FMCSA §391.15 for using disqualified driver(s);
8. violation of FMCSA §391.23 for improper investigation and/or inquiries;
9. violation of FMCSA §391.27 for improper preparation or furnishing of record of violations;
10. violation of FMCSA §391.51 for inadequate driver qualification file(s);
11. violation of FMCSA §391.53 for inadequate driver investigation;
12. violation of FMCSA Part 392;
13. violation of FMCSA §392.3 for operation of vehicle while fatigue and/or ill;
14. violation of FMCSA §392.6 for scheduling routes that necessitate motor vehicle be operated at speeds greater than speed limit;
15. violation(s) of FMCSA Part 393;
16. violation of FMCSA §393.1 for operating commercial motor vehicle by someone that does not have knowledge of the rules and/or operating commercial motor vehicle that does not comply with the FMCSA rules
17. violations of 393.9 for failure of taillight lamps to be properly operable;
18. violation of FMCSA Part 395;
19. violation of FMCSA §395.3 for exceeding maximum driving time;
20. violation of FMCSA §395.8 for inadequate record of duty status;
21. violation of FMCSA §395.11 for inadequate supporting documents;
22. violation of FMCSA §395 subpart B for failure of electronic logging devices;
23. violation of FMCSA §396 for inadequate inspection, repair, and/or maintenance;
24. violation of FMCSA §396.3 for failure to systematically inspect, repair, and maintain vehicles in a safe and proper operating manner and failure to maintain records;
25. violation of FMCSA §396.7 for operating vehicle in unsafe manner and/or in manner that is likely to cause accident;
26. violation of FMCSA §396.11 for failure to prepare proper vehicle inspection reports;
27. violation of FMCSA §396.13 by driving a motor vehicle that is not in safe operating condition;
28. violation of FMCSA §396.17 for failure of proper periodic inspection(s);
29. violation of FMCSA §396.21 for failure to prepare and/or keep reports;
30. failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance;
31. failing to properly maintain and operate the vehicle in a safe manner;
32. negligent hiring and/or negligent retaining of Collins whom Augie's Trucking

and/or Jason Augustine knew, or should have known, was a reckless, inexperienced, or incompetent driver;
33. failing to properly test, qualify, and/or train Collins in the safe motor vehicle operation;
34. negligently entrusting a vehicle to Collins on this date and all other times, whom it knew or should have known was a reckless, inexperienced, and/or incompetent driver;
35. failing to properly supervise, direct, control, and dispatch Collins' driving activities;
36. failing to properly identify, implement, instruct, and/or create policies and procedures for hiring, training, supervising, and/or terminating;
37. violations of the Texas Transportation Code; and/or
38. violations of CFR Title 49; Subtitle B, Chapter III, Subchapter B, Federal Motor Carrier Safety Regulations ("FMCSR").

The above actions of the Defendant caused the catastrophic truck wreck.

23. Defendant Northern Tool operates over 120 stores across the country, including approximately 34 in the State of Texas. Mr. Collins had worked with and/or for Northern Tool in the past. Therefore, Defendant Northern Tool either knew or should have known Collins was unqualified to interstate transport goods. Further, Defendant Northern Tool, either knew, or upon further inspection should have known, of the violations of the FMCSA rules and regulations, industry standards, Texas statutory law, and/or Texas common law.

24. Yet, Defendant Northern Tool allowed Collins to unsafely transport goods across the entire country.

## DAMAGES

25. As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendant Northern Tool, along with Collins and Augie's Trucking, who at all times were acting jointly and severally, Plaintiff sustained significant injuries and damages in the past and will in reasonable probability sustain these damages in the future.

26. Plaintiff respectfully requests that the trier of fact determine the amount of her damages and losses that she has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

      a.    Past physical pain;

      b.    Future physical pain;

      c.    Past mental anguish;

      d.    Future mental anguish;

      e.    Past loss of earning capacity;

      f.    Loss of earning capacity in the future, from the time of trial until Plaintiff reaches the age of eighteen years;

      g.    Loss of earning capacity in the future, after Plaintiff reaches the age of eighteen years;

      h.    Past physical impairment;

      i.    Future physical impairment;

      j.    Past medical care expenses;

      k.    Future medical care expenses, incurred on behalf of Plaintiff from the time of trial until Plaintiff reaches the age of eighteen years;

      l.    Future medical care expenses, incurred on behalf of Plaintiff after Plaintiff reaches the age of eighteen years; and/or

      m.    Past and future loss of household services.

27.    Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now brings suit.

28.    Plaintiff seeks both pre-judgment and post judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which he may be entitled.

29.    Because of the grossly negligent conduct of Defendant, Plaintiff seeks recovery for exemplary damages. Exemplary damages mean any damages awarded as a penalty or by way of punishment Exemplary damages include punitive damages. In determining the amount of exemplary damages, the trier of fact should consider the following:

      a.    The nature of the wrong

      b.    The character of the conduct involved.

      c.    The degree of culpability of the wrongdoer.

      d.    The situation and sensibilities of the parties concerned.

      e.    The extent to which such conduct offends a public sense of justice and

propriety.

  f.  The net worth of the Defendant.

## VIII. RULE 193.7 NOTICE

30. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to each Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## IX. REQUEST FOR DISCLOSURE

31. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendant respond to this request for disclosure.

## X. PRAYER

32. Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon final trial, the Plaintiffs have:

  a.  Judgment against Defendant for damages in an amount in excess of the minimum jurisdictional limits of the Court;

  b.  Exemplary damages;

  c.  Prejudgment and post-judgment interest at the highest legal rate and to the maximum extent allowed by law until paid;

  d.  Costs of the suit; and

  e.  Such other and further relief, under any and all other applicable law, to which Plaintiffs may show themselves to be justly entitled, either at law or in equity.

        Respectfully Submitted,

        **HOOVER ROGERS LAW**
        Benjamin E. Hoover
        Grant J. Rogers
        711 Indiana Avenue
        Wichita Falls, Texas 76301
        PH: 940/400-6200
        FX: 940/302-1398
        efile@hooverrogers.com

        /s/ Benjamin E. Hoover
        Benjamin E. Hoover
        State Bar Number: 24052682
        ben@hooverrogers.com

        /s/ Grant J. Rogers
        Grant J. Rogers
        State Bar Number: 24099936
        grant@hooverrogers.com

I hereby certify that on the date filed, a true and correct copy of the above and foregoing instrument was forwarded to all counsel of record via e-File:

Lindsay G. Gorbach
Mayer LLP
lgorbach@mayerllp.com

James Beam
Law Office of James Beam, PLLC
jb@jamesbeamlaw.com

        /s/ Benjamin E. Hoover
        Benjamin E. Hoovers